### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

JULIUS MCBRIDE,

                Plaintiff,

vs.                                       Case No:  3:14-cv-1246-J-34JRK

MIKE SMITH, et al.,

                Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

### I.  Status/Background

      This cause is before the Court on the Affidavit of Indigency (Doc. No. 2) and the Prisoner Consent Form and Financial Certificate (Doc. No. 3), both filed October 14, 2014, that the Court collectively construes as a Motion to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915 ("Motion"); the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 10; "Supplement"), filed June 3, 2015; and Plaintiff's Second Amended Complaint (Doc. No. 9), also filed June 3, 2015.[2]

      Plaintiff, an inmate at the time this action was initiated but since released, brought this case pro se on October 14, 2014 by filing a Complaint (Doc. No. 1; "Compl.") against Mike

---

[1]      Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida ("Local Rule(s)"), within fourteen (14) days after service of this document.  Failure to file timely objections waives a party's right to de novo review.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a); see also Dupree v. Warden, 715 F.3d 1295, 1300 (11th Cir. 2013).

[2]      The Second Amended Complaint (Doc. No. 9) is actually titled "Amended Complaint."  It, however, supersedes the Complaint (Doc. No. 1), filed October 14, 2014, and the Amended Complaint (Doc. No. 7), actually titled "Amended Civil Rights Complaint Form," filed December 29, 2014.

Smith, program director at iHeartMedia V101.5 and 93.3 The Beat, John Doe (disc jockey a.k.a. "T-Roy"), John Doe (disc jockey a.k.a. "Jo-Jo"), John Doe (third shift DJ at V101.5), and John Does (attorneys Farah and Farah[3]) ("Defendants"), alleging stalking in violation of Fla. Stat. § 784.048, video voyeurism in violation of Florida Statute § 810.145, interception and disclosure of wire, oral, or electronic communications in violation of 18 U.S.C. § 2511, and broadcasting obscene language in violation of 18 U.S.C. § 1464.  Compl. at 5.  Plaintiff sought that the "[C]ourt restrain the defendants from commit[t]ing any acts of stalking and pay [him] damages in the amount of 2 million dollars to [him], respectfully."  Id. at 7.  Plaintiff also sought to proceed in forma pauperis through the Motion.

On December 29, 2014, Plaintiff filed an "Amended Civil Rights Complaint Form" (Doc. No. 7; "Am. Compl.").  On May 5, 2015, the undersigned entered an Order (Doc. No. 8) taking under advisement the Motion.  In the May 5, 2015 Order, it was observed that the case is likely subject to dismissal because it is frivolous and because it fails to state a valid claim.  Id. at 3-5.  The undersigned advised Plaintiff that Fla. Stat. § 748.048 (stalking), Fla. Stat. § 810.145 (video voyeurism), and 18 U.S.C. § 1464 (broadcasting obscene language) are exclusively criminal statutes that do not authorize civil causes of action.  Id. at 5.  Furthermore, the undersigned explained that while 18 U.S.C. § 2511 (the "Wiretap Act") includes both a criminal component, see § 2511(4), and a civil component, see § 2511(5), only the Federal Government is permitted to initiate a civil action under 18 U.S.C. § 2511(5).  Id.  Title 18 U.S.C. § 2520, on the other hand, does authorize private individuals to bring a

---

[3]  On December 18, 2014, Plaintiff filed a "Pleading to Amend Defendants['] Address and Names" (Doc. No. 6), that the Court construed as a Motion to Amend, in which Plaintiff identified John Does Farah and Farah as Chuck and Eddie Farah.  Plaintiff explains in the Amended Complaint (Doc. No. 7) that Chuck and Eddie Farah are Jacksonville-area attorneys.

civil action for violation of the Wiretap Act. Id.  In the May 5, 2015 Order, the Court directed Plaintiff to amend the Amended Complaint and file a supplement to the Motion because he was no longer incarcerated.  Plaintiff timely complied with the Order.  See Second Amended Complaint; Supplement.  In the style of the Second Amended Complaint, Plaintiff only names Mike Smith, et al, as Defendants.  Second Amended Complaint at 1.  The undersigned assumes Plaintiff is referring to the same Defendants he named in the Amended Complaint. See Am. Compl. at 1-4.  Upon review of the Second Amended Complaint and the file, the undersigned recommends that this case be dismissed because it suffers from the same fatal flaws as the original Complaint: i.e., it is frivolous and Plaintiff fails to state a valid claim.

## II.  Legal Framework/Discussion

A court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security.  28 U.S.C. § 1915.  The court's decision to grant in forma pauperis status is discretionary.  See Pace v. Evans, 709 F.2d 1428, 1429 (11th Cir. 1983); Lane v. Fort Walton Beach Hous. Auth., 518 F. App'x 904, 915 n.11 (11th Cir. 2013) (citation omitted). While a litigant need not show that he or she is "absolutely destitute" to qualify for pauper status under § 1915, a litigant does need to show an inability "to pay for the court fees and costs, and to support and provide necessities for himself and his dependants." Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004); see also Lane, 518 F. App'x at 915 (citation omitted).  Here, it appears from the Motion and Supplement that Plaintiff may be financially unable to pay the filing fee.

A court receiving an application to proceed in forma pauperis, however, must dismiss a case sua sponte if it determines that the action "(i) is frivolous or malicious; (ii) fails to state

a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from some relief." 28 U.S.C. § 1915(e)(2)(B). "[P]ro se pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).

The United States Supreme Court has observed that "a litigant whose filing fees and costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint filed in forma pauperis that fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure ("Rule(s)"), is not automatically frivolous. Id. at 328. Instead, a court will dismiss a case based on frivolity pursuant to § 1915 when the claim lacks arguable merit in either law or fact. Id. at 325; Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1315 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). Accordingly, § 1915 requires dismissal when: (i) the legal theories advanced are "indisputably meritless," Neitzke, 490 U.S. at 327; (ii) the claims rely on factual allegations that are "clearly baseless," Denton v. Hernandez, 504 U.S. 25, 32 (1992); or (iii) when it appears that the plaintiff has little or no chance of success, Bilal, 251 F.3d at 1349 (citation omitted).

With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Rule 12(b)(6), so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba, 517 F.3d at 1252 (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do.  Id. (quotation and citation omitted).  Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683-84 (11th Cir. 2001) (internal quotation and citation omitted).

In the Second Amended Complaint, Plaintiff alleges that since February 2013, Defendants have used "various covert surveillance equipment, traffic monitoring software, [and] tools" to "track [Plaintiff's] location." Second Amended Complaint at 1-2.  Plaintiff alleges that Defendants are "intentionally setting out to intimidate [Plaintiff] by threatening [him]" through statements that "they will slap [him]" and will commit "other acts of violence [against Plaintiff] that [he will] need a gun for."  Id. at 2.  Furthermore, Plaintiff alleges that Defendants are "insulting [his] manhood and saying [he is] stupid or dumb."  Id.  Plaintiff claims that Defendants' actions are "making [him] look so bad" that "relationships of all kinds[,] whether business, intimate[,] or platonic [are] almost impossible," which "causes [him] tremendous emotional distress [as well as] financial losses."  Id. at 3.  Plaintiff also alleges that Defendants are conducting "unwarranted surveillance of [him to] gain[] knowledge of  . . . [his] email, [his] social networking sites [] and [his] bank accounts . . . intercept[ing] and disclos[ing Plaintiff's] information and messages."  Id.  Plaintiff demands judgment for "losses in restitution according to 18 U[.]S[.]C[. §] 2264 in the amount of 2 million from each defendant respectfully."  Id. at 5.

The claims for violations of the various criminal statutes[4] no longer appear in the Second Amended Complaint, but Plaintiff persists in claiming that Defendants violated the Wiretap Act despite the Court's explanation that only the Federal Government can initiate an action under this section.  Id. at 1.  Plaintiff also claims that Defendants violated 18 U.S.C. § 2261A, the federal statute prohibiting stalking.[5]  Id.

Plaintiff's Second Amended Complaint is frivolous and fails to state a claim upon which relief can be granted.  To the extent that Plaintiff alleges Defendants are using covert surveillance equipment to track his location, intentionally setting out to intimidate him, and conducting unwarranted surveillance of him through various forms of electronic media, the factual allegations are removed from reality.  Plaintiff's various allegations are conclusory and, even if accepted as true, do not provide sufficient factual matter to state a claim for stalking or wiretapping that is plausible on its face.

### III.  Conclusion

For the foregoing reasons, Plaintiff's Second Amended Complaint is appropriately dismissed under 28 U.S.C. § 1915(e)(2) as frivolous and failing to state a viable claim.  After due consideration, it is

**RECOMMENDED THAT**:

1.    The Affidavit of Indigency (Doc. No. 2) and the Prisoner Consent Form and

---

[4]    These statutes include Fla. Stat. § 748.048 (stalking), Fla. Stat. § 810.145 (video voyeurism), and 18 U.S.C. § 1464 (broadcasting obscene language), as discussed above.

[5]    The undersigned acknowledges that unlike the Florida statute prohibiting stalking, the federal statute prohibiting stalking does provide a civil remedy in the form of mandatory court-ordered restitution.  18 U.S.C. § 2264.  However, because Plaintiff fails to state a claim for stalking under 18 U.S.C. § 2261A, § 2264 is inapplicable.

Financial Certificate (Doc. No.3), collectively construed as a Motion to Proceed In Forma Pauperis, and the Application to Proceed in District Court Without Prepaying Costs or Fees (Doc. No. 10), construed as a Supplement to the Motion, be **DENIED**.

2. This case be **DISMISSED without prejudice** pursuant to 18 U.S.C. § 1915(e)(2).

3. The Clerk of Court be directed to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on June 15, 2015.

**JAMES R. KLINDT**
United States Magistrate Judge

efh
Copies to:

Honorable Marcia Morales Howard
United States District Judge

Counsel of Record